# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LAUREN HOLDEN, individually and
on behalf of all others similarly situated,

        Plaintiff,

vs.                                          CASE NO.:

FOSSIL GROUP, INC.,

        Defendant.

_____

## NOTICE OF REMOVAL

Defendant Fossil Group, Inc. ("Fossil" or "Defendant"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), removes the above-captioned civil action currently pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division. In support of this Notice of Removal, Defendant states:

**I.    BACKGROUND AND PROCEDURAL POSTURE**

1. On February 4, 2021, Plaintiff Lauren Holden ("Plaintiff") filed a putative class action Complaint against Fossil in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, styled *Lauren Holden v. Fossil Group Inc.,* No. 16-2021-CA-000673 ("State Court Action"). Plaintiff alleges Fossil's use of session replay software on its website violates the Florida

Security of Communications Act, Fla. Stat. §§ 934.01, *et seq*. ("FSCA").  Compl. ¶¶ 1-2.

2. On or about February 12, 2021, Fossil was served with a copy of the Summons and Complaint, which is the initial pleading setting forth the claims for relief upon which this removal is based.

3. Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after Fossil was served with the initial pleading on February 12, 2021.

4. The United States District Court for the Middle District of Florida, Jacksonville Division, is the district and division within which this action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action. *See also* M.D. Fla. L.R. 1.04(a) & 1.06(a).

5. In accordance with 28 U.S.C. § 1446(a) and Local Rule 1.06(b), Fossil is filing legible copies of "all process, pleadings, and orders" that have been docketed in the State Court Action as attachments to this Notice of Removal.

6. Pursuant to 28 U.S.C. § 1446(d), Fossil has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel.  Fossil is also contemporaneously filing a copy of this Notice of Removal in the State Court Action.

7. As set forth below, this case is properly removed to this Court because this Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA").

## II. GROUNDS FOR REMOVAL UNDER CAFA

8. There is no presumption against removal under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9. Based on the Complaint's allegations and the removal exhibits, this Court has subject matter jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), as: (i) the putative class consists of at least 100 proposed class members, § 1332(d)(5)(B); (ii) the citizenship of at least one putative class member is different from that of Fossil, § 1332(d)(2)(A); and (iii) the aggregate amount placed in controversy by the claims of Plaintiff and the putative class members exceeds $5,000,000, exclusive of interest and costs, § 1332(d)(2). *See S. Fla. Wellness v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014).

### A. The Putative Class Consists of at Least 100 Proposed Class Members

10. To qualify for removal under 28 U.S.C. § 1332(d)(2), Fossil must first establish Plaintiff's putative class contains 100 or more members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff purports to bring this action on behalf of "All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent." Compl. ¶ 20.

12. Plaintiff alleges the "number of Class members . . . is believed to be no less than 100 individuals." *Id.* ¶ 22. Thus, the aggregate number of putative class members is at least 100 for purposes of § 1332(d)(5)(B); *cf. Perret v. Wyndham Vacation Resorts, Inc.,* No. 11-CV-61904, 2012 WL 592171, at *2 (S.D. Fla. Feb. 22, 2012) (concluding plaintiff's allegation that "potentially thousands" of class members existed was sufficient on its face to establish jurisdiction in case removed under CAFA).

### B. The Citizenship of at Least One Putative Class Member is Different from that of Fossil

13. Minimal diversity of citizenship, as required by CAFA, exists between Fossil and Plaintiff and/or the putative class members. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant"). Further, Defendant is not a citizen of the State of Florida, where this action was originally filed. *See* 28 U.S.C. § 1332(d)(4).

14. Plaintiff is and was at all relevant times a Florida resident domiciled in Duval County, Florida. Compl. ¶ 5 ("Plaintiff is, and at all times

relevant hereto was, a citizen and resident of Duval County, Florida"); *see also Beach Terrace Condo. Ass'n, Inc. v. Goldring Investments, Inc.*, No. 8:15-CV-1117-T-33TBM, 2015 WL 3770401, at *1 (M.D. Fla. June 17, 2015) ("there is a presumption that the state in which a person resides at any given time is also that person's domicile") (internal citations and quotation marks omitted). Therefore, Plaintiff is a Florida citizen for diversity jurisdiction purposes. *See, e.g., Huchon v. Jankowski*, No. 06-10094-CIV, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007) (finding defendant properly alleged plaintiff's citizenship by asserting in notice of removal plaintiff "was and is a Florida resident domiciled in Monroe County, Florida").

15.   Fossil is a Delaware corporation with its principal place of business in Richardson, Texas. *See* Fossil's public filings with Florida's Department of State, Division of Corporations, attached as **Exhibit A**; *see also* Compl. ¶ 6 ("Defendant is, and at all relevant times hereto was, a corporation that maintains its primary place of business at 901 S Central Expwy, Richardson, TX 75080"). Thus, Defendant is a citizen of the States of Delaware and Texas. *See* 28 U.S.C. § 1332(c) (a corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

16. Because Plaintiff (a Florida citizen) is diverse from Fossil (a Delaware and Texas citizen), the required minimal diversity exists under § 1332(d)(2)(A).

### C. The Aggregate Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.

17. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff's putative class claims meet this jurisdictional threshold.

18. The amount in controversy is "an estimate of how much will be put at issue during the litigation," rather than "a prediction of how much the plaintiffs are ultimately likely to recover." *S. Fla. Wellness,* 745 F.3d at 1315 (internal citations and quotation marks omitted). Defendant's "notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89 (emphasis added).

19. Although Plaintiff does not specify the amount of damages she seeks, she alleges that "the aggregate damages sustained by the Class are potentially in the millions of dollars." Compl. ¶ 28. Plaintiff further alleges

6

that she seeks a minimum liquidated damages award of $1,000 on behalf of herself and each of the putative class members. Compl. ¶ 39.

20. Further, Fla. Stat. § 934.10 provides for the availability of several forms of relief, including actual damages not less than liquidated actual damages between $100 and $1000, punitive damages, and attorney's fees and costs, as appropriate.

21. Fossil's records indicate that more than 5,000 online orders were placed on its website by consumers with Florida billing or shipping addresses between February 4, 2019, and March 12, 2021. *See* Declaration of Chad Cornstubble, attached as **Exhibit B,** ¶ 5. As these consumers necessarily "visited" the website to place their online orders, it is reasonably plausible the putative class has more than 5,000 members.[1] As Plaintiff seeks at least $1,000 in liquidated damages for himself and more than 5,000 putative class members, the aggregate amount in controversy exceeds the $5,000,000 threshold under CAFA. *See* 28 U.S.C. § 1332(d)(2).

22. In sum, as (i) the putative class has greater than 100 members, (ii) there is minimal diversity between the parties, and (iii) the amount in

---

[1] Fossil has estimated the class size based on the number of consumers who placed online orders using Florida billing or shipping addresses during the applicable two-year statute of limitations, *see* Fla. Stat. § 934.10(3); however, Fossil lacks sufficient knowledge or information to confirm at this time whether any or all of these consumers will have valid FSCA claims as alleged in the Complaint.

controversy exceeds $5,000,000, this case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

### III. RESERVATION OF RIGHTS

23. In filing this Notice of Removal, Defendant does not waive and expressly reserves any defenses, exceptions, rights, and motions, including any right to compel arbitration. *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses"); *Vanwechel v. Regions Bank*, 8:17-CV-738-T-23AAS, 2017 WL 1683665, at *2 (M.D. Fla. May 3, 2017) (filing notice of removal did not waive right to compel arbitration); *Zahm v. OneWest Bank, N.A.*, 8:15-CV-765-T-30TBM, 2015 WL 2095644, at *2 (M.D. Fla. May 5, 2015) (same). No statement or omission in this Notice shall be deemed an admission of any of allegations of or damages sought in the Complaint.

WHEREFORE, Defendant Fossil Group, Inc. respectfully requests that the above-captioned action now pending in the Fourth Judicial Circuit in and for Duval County, Florida, be removed to the United States District Court for the Middle District of Florida, Jacksonville Division, and that said Court assume exclusive jurisdiction of this action and enter such other and further relief as may be necessary.

DATED: March 15, 2021

                    **MCGUIREWOODS LLP**

                    */s/ Sara F. Holladay*
                    Sara F. Holladay
                    Florida Bar No. 0026225
                    Emily Y. Rottmann
                    Florida Bar No. 0093154
                    Brittney L. Difato
                    Florida Bar No. 0119476
                    50 N. Laura Street, Suite 3300
                    Jacksonville, Florida 32202
                    (904) 798-3200
                    904) 798-3207 (fax)
                    sholladay@mcguirewoods.com
                    erottmann@mcguirewoods.com
                    bdifato@mcguirewoods.com
                    clambert@mcguirewoods.com
                    flservice@mcguirewoods.com

                    *Attorneys and Trial Counsel for Defendant Fossil Group, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF on March 15, 2021, and served upon the following counsel via E-Mail:

Andrew J. Shamis, Esq.
SHAMIS & GENTILE, P.A.
14 NE 1st Ave, Suite 705
Miami, Florida 33132
ashamis@shamisgentile.com

Scott Edelsberg, Esq.
Scott Edelsberg Law, P.A.
20900 NE 30th Ave, Suite 417
Aventura, Florida 33180
scott@edelsberglaw.com

Manuel Hiraldo, Esq.
HIRALDO P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33301
mhiraldo@hiraldolaw.com

*Attorneys for Plaintiff*

                                           */s/ Sara F. Holladay*
                                              Attorney